UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND


CASE NO. 0:11-CR-22-DLB

UNITED STATES OF AMERICA,                                             PLAINTIFF,

V.                                    **MAGISTRATE JUDGE'S REPORT**
                                      **AND RECOMMENDATION**

JEREMY M. BROWN,                                                     DEFENDANT.


   This matter came before the undersigned for a final hearing on March 12, 2014, as a result of a Supervised Release Violation Report dated February 27, 2014.  The report outlined four (4) alleged violations of the terms of the Defendant's supervised release.  At the hearing, the Defendant Jeremy M. Brown (hereinafter "Brown") was present and represented by appointed counsel, Stephen W. Owens, and the United States by and through Assistant United States Attorney, Sam Dotson standing in for Gary Todd Bradbury.  At the hearing, Brown stipulated to the four (4) violations contained in the Supervised Release Violation Report and waived his right of allocution before the United States District Judge.

   The matter now stands submitted for a recommendation from the undersigned.  For the reasons stated herein, the undersigned will recommend that Brown be found guilty of the four (4) violations outlined in the Supervised Release Violation Report, that his supervised release be revoked, and sentenced to six (6) months imprisonment, followed by thirty (30) months of supervised release.  During his supervised release, Brown is mandated to successfully complete a preapproved inpatient drug rehabilitation program at his own cost.

## FINDINGS OF FACT

1)       On November 24, 2008, Brown was sentenced to forty six (46) months in prison, followed by three (3) years of supervised release, pursuant to his guilty plea to two (2) counts of Aiding and Abetting a Bank Robbery, in violation of Title 18, U.S.S.C §§ 2113 and 2. [Record No. 1-2].  Brown was also given the standard conditions of supervision adopted by the Southern District of Virginia, along with the special condition of participating in a drug treatment program. [Record No. 1-2].

2)       On August 23, 2011, Brown began his term of supervision through the U. S. Probation Office in Ashland, Kentucky. [Violations Report, 1. Feb., 2014].  On October 20, 2011, jurisdiction of Brown's case was transferred to the Eastern District of Kentucky. Id.  On February 3, 2013, the probation office submitted to the court a request to modify Brown's conditions of supervised release (Form PROB 12B), following a positive urinalysis and Brown's admission that he was taking Percocet and Roxycodone pills that were not legally prescribed to him. [Record No. 3].  The court granted this request on September 9, 2013 and Brown was allowed to continue his term of supervised release with the additional condition that he perform forty (40) hours of community service. [Record No. 4].

3)       On August 12, 2013, Brown tested positive for Buprenorphine. [Violations Report at 3].  When questioned about his drug use, Brown adamantly denied using Buprenorphine. Id.  Consequently, a report was filed on Brown's positive urinalysis and was allowed to continue his supervised release. Id.

4)       On February 25, 2014, Brown tested positive for extended opiates during a routine home visit. Id.  When questioned, Brown denied using any illegal substances. Id.  This specimen has since been sent to Alere Laboratory for further testing, and the results remain

pending. Id.  As a result of the positive field test, the small amount of urine produced, and the appearance of a diluted urinalysis, the probation officer asked Brown to submit to a subsequent urinalysis the next day. Id.  The probation officer returned the next day and collected another urine sample. Id.  After the next specimen was collected, the probation officer asked Brown if it was going to come back positive for illegal substances. Id.  Brown then admitted that he had been using Dilaudid since mid-January 2014, consuming approximately fifteen 4mg Dilaudid pills a week and that he was paying approximately $40 per pill from various individuals in the Louisa, Kentucky area. Id.  Brown then signed a Positive Acknowledgement Form, admitting to his continued use of Dilaudid without a legal prescription. Id. at 7-8.

## ANALYSIS

The standard for finding a violation of a Defendant's terms of supervised release is the preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3).  The Violation Report at issue alleges Brown to have violated four (4) conditions of supervised release: (1) the Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician; (2) the Defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered; (3) the Defendant shall not engage in criminal activity and shall not associate with any person convicted of a felony, unless granted permission by the probation officer; and  (4) the Defendant shall not commit another federal, state, or local crime. [Violations Report at 3-4].

At his final hearing, Brown admitted that he bought, possessed, and used Dilaudid without a legal prescription, in violation of the terms of his supervised release.  Brown admitted to buying these pills from individuals who lacked the legal authority to write or dispense them, in

violation of his conditions not to frequent places where controlled substances were illegally sold and not to associate with any persons engaged in criminal activity. This conduct also violates Brown's condition not to commit a federal crime because Dilaudid is considered a Schedule II Controlled Substance under the Controlled Substances Act, and because the Sixth Circuit has found that use equals possession, the simple possession of Dilaudid constitutes a federal crime under 21 U.S.C. § 844(a). Thus, the undersigned finds that Brown's knowing and voluntary admissions in open court, in addition to the court's records, form a sufficient basis upon which to find Brown guilty of the four (4) violations outlined in the Supervised Release Violations Report dated February 27, 2014.

## SENTENCE RECOMMENDATION

The undersigned recommends that Brown's term of supervised release be revoked, and that he be sentenced to six (6) months incarceration, followed by thirty (30) months of supervised release. Under 18 U.S.C. § 3583(e)(3), Grade B violations, such as the one in this case, have a statutory maximum term of imprisonment of not more than two (2) years. The Sentencing Guidelines also provide a recommendation that a person with Brown's criminal history category of I be imprisoned for a period of four (4) to ten (10) months upon violations of the conditions of their supervised release. U.S.S.G. § 7B1.4(a); Violations Report at 4.

These guidelines, however, are not binding. Therefore, a District Court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3353 and may not be "plainly unreasonable". U.S. v. Webb, 30 F.3d 687, 689 (1994). These statutory factors include the: 1) nature and circumstances of the offense and the history and characteristics of the defendant; 2) need for the sentence imposed, including adequate deterrence to criminal conduct, to protect the public from future crimes, and to provide the defendant with needed education or correctional

treatment in the most effective manner; 3) kinds of sentences available; 4) sentencing guideline ranges; 5) any pertinent policy statement; 6) need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and 7) need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)-(a)(7). Therefore, in addition to incarceration, the undersigned also recommends that during his term of supervised release, Brown be mandated to bear the cost and successfully complete an inpatient drug rehabilitation program, approved by the U.S. Probation Office.

In this case, Brown is thirty (30) years old and is one semester away from finishing his bachelor's degree in business. Brown currently has a fifteen (15) month old son, lives at home with his mother and father, and has been able to maintain full time employment for almost a year. At the final hearing, Brown's mother testified that she had administered home drug tests on her son after his second positive drug test and felt that his last relapse was a consequence of her becoming too relaxed. She also testified that she and Brown's father were committed to helping Brown beat his drug addiction and that she hoped he could come back home so that they could further support him in that endeavor. Brown's mother further testified that she personally saw Brown make some phone calls to local outpatient drug rehab programs in an attempt to get help, but nothing had been successful thus far.

In addition to his mother's testimony, Brown testified himself that he was tired of being addicted to drugs and ready to make a change. Defense counsel urged the court to take into consideration the testimony of both Brown and his mother, and recommended that Brown be mandated to participate in an intensive inpatient drug rehabilitation program, so that he may finally beat his drug addiction. Furthermore, counsel suggested that the court not impose imprisonment because intense drug therapy and the support of his family would serve Brown's

situation best. Defense counsel also noted that Brown was not required to participate in a drug rehabilitation program previously and therefore, a court imposed mandatory condition requiring Brown's participation would assure his future success. The United States did not have a sentence recommendation.

In reviewing the necessary factors under 18 U.S.C. § 3353, Brown is a young offender with a noticeable drug problem, as all four (4) violations of his supervised release have been drug related. There is no evidence to suggest that Brown has ever made a genuine attempt of his own volition to combat his drug addiction.

The Court also notes that Brown seems to be an intelligent young man with a loving, stable and supportive family, yet has failed to engage in a meaningful effort to combat his drug addiction. The sentence imposed, therefore, must be sufficient to act as a deterrence to future illegal activity, while also providing him with the opportunity to overcome his current drug addiction. Because Brown has been shown leniency on two (2) prior occasions, the undersigned recommends that six (6) months incarceration be imposed. In addition, a term of thirty (30) months of supervised release where Brown will be required to pay for and finish an inpatient drug rehab program along, will give Brown the tools and support needed to positively transform his life for both himself and his family.

This sentence also takes into consideration the need for adequate deterrence. Incarceration is an unavoidable consequence for continuous violations of supervised release conditions. Further, the term of imprisonment recommended takes into consideration Brown's sentencing guideline range, as six (6) months falls directly within the prescribed range. Therefore, having considered the nature of Brown's violations for drug use, the need for adequate deterrence and the applicable sentencing guideline range, a sentence of incarceration,

and the requirement of successful completion of an approved inpatient drug rehabilitation program paid for by the Defendant is appropriate.

CONCLUSION

Having considered the evidence, the undersigned hereby RECOMMENDS that the Defendant Jeremy M. Brown be found GUILTY of the four (4) violations outlined in the Supervised Release Violation Report dated February 27, 2014. Accordingly, and for the reasons provided above, the undersigned hereby recommends that: (1) Defendant's term of supervised release be REVOKED; (2) Defendant be SENTENCED to six (6) months imprisonment, followed by thirty (30) months of supervised release; and (3) the Defendant be REQUIRED to pay for and successfully complete an inpatient drug rehabilitation program approved by the U.S. Probation office during the term of his supervised release.

Specific Objections to this Report and Recommendation must be filed within fourteen days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed March 18, 2014.



Signed By:

*Edward B. Atkins*

United States Magistrate Judge