UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 11-22-DLB

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.          **MAGISTRATE JUDGE'S
             REPORT AND RECOMMENDATION**

JEREMY M. BROWN,                                                              DEFENDANT.

***** ***** *****

This matter came before the Court for a final revocation hearing on January 15, 2015, as a result of a Supervised Release Violation Report dated January 6, 2014. The report outlines one (1) violation of Defendant's Supervised Release. At the final hearing, Brown was present and represented by appointed counsel, C. David Mussetter, and the United States by and through Assistant United States Attorney Ron Walker. During the hearing, Brown stipulated to the violation as outlined in the report, waived his right of allocution before a United States District Judge and exercised his right of allocution before the undersigned. His admissions were conditioned upon the Court's acceptance of the parties BINDING agreement regarding the sentence to be imposed. The matter now stands submitted for a recommendation from the undersigned. For the reasons that follow, the undersigned will recommend that Brown be found guilty of the violation as outlined in the report, and that the Court ADOPT the parties BINDING agreement regarding a sentence, revoking his supervision, impose a sentence of incarceration of 26 days, until February 9, 2015, when he is to be released from custody to resume and successfully complete treatment at the Healing Place in Huntington, West Virginia. Further, the Court recommends that upon release from incarceration, a period of supervised release be imposed for two years and five months.

**FINDINGS OF FACT**

At the hearing on January 15, 2015, Brown admitted that he was terminated from treatment at the Healing Place in Huntington, West Virginia as a result of have a cell phone hidden n his pillow. The stipulated conduct establishes, by a preponderance of the evidence, that the Defendant has violated the following conditions of supervised release:

Special Condition: The defendant shall pay for and successfully complete an inpatient drug rehabilitation program approved by the United States Probation Office. (Grade C violation);

**ANALYSIS**

In making a recommendation regarding the imposition of sentence, the undersigned has considered the following factors set forth in 18 U.S.C. § 3553:

**(i) The History and Characteristics of the Defendant, and the nature and circumstances of the offense.** On November 24, 2008, Brown was sentenced to 46 months imprisonment followed by three years of supervised release upon being found guilty of Aiding and Abetting a Bank Robbery, in violation of 18 U.S.C. 2113 and 2. He began his term of supervision on August 23, 2011, through the Probation Office in Ashland, Kentucky. On April 7, 2014, his supervision was revoked and he was sentenced to 6 months imprisonment followed by 30 months of supervised release as a result of violations of the conditions of release. [R. 19]. He now admits that on January 5, 2015, he was terminated from treatment at the Healing Place in Huntington, West Virginia as a result of have a cell phone hidden n his pillow.

**(ii) The need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to future conduct; and to protect the public from further crimes of the Defendant.** The Court

notes that in light of the defendant's history and characteristics, the offense committed so soon after beginning supervised release, recommends a period of incarceration, and an order directing him to resume treatment with the Healing Place. In addition, the Court believes that a period of supervised release is necessary to act as a deterrent to future criminal conduct, and to protect the public from further crimes.

**(iii) The sentencing guideline recommendation for imprisonment and statutory limitations.** In the instant matter, the most serious of the violations committed by the Defendant is a Grade C violation, and under § 7B1.1, based on the Defendant's criminal history category of I, the guideline range of imprisonment would be three (3) to nine (9) months. The maximum statutory period of imprisonment would be a term of not more than two years. *See* 18 U.S.C. § 3583(e)(3). The maximum period of supervised release would be not more than two years and six months, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(h). The Guidelines are, of course, advisory in nature, to be considered by the District Judge along with all relevant factors in exercising his sentencing discretion.

## RECOMMENDATION

The undersigned in making a recommendation, has considered the facts set out above in accordance with controlling law, the Defendant's past and persistent criminal conduct, the serious nature of the instant violations, and the parties' arguments regarding the appropriate length of the Defendant's sentence.

For the reasons stated herein, IT IS RECOMMENDED AS FOLLOWS:

(1) That the Defendant be found to have committed the violation outlined above, based on his stipulation; and

(2)    That the Defendant be sentenced without delay to 26 days incarceration, to be released on February 9, 2015, when he will arrange for his own transportation back to the Healing Place in Huntington, West Virginia, where he shall resume and successfully complete their treatment program.  In addition, following release from incarceration, a term of supervised release of two years and 5 months be imposed.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Signed January 16, 2015.

Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge